# Exhibit A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

| | |
|---|---|
| BENNETH O. AMADI, <br>     Plaintiff. <br><br> v. <br><br> 1. GARRETT MCMANUS (individually and <br>    in his/her official capacity as a Judge, <br>    Lynn Juvenile Court – Essex County); <br> 2. The DCF; <br> 3. LINDA S. SPEARS (individually and in his/her <br>    official capacity as the DCF Commissioner); <br> 4. ANTHONY SEAN BENARD (individually and <br>    in his/her official capacity as DCF Attorney). <br>      Defendants. | ) <br> ) <br> )   C.A. NO. 16-cv-10861-NMG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   **42 U.S.C. SECTION 1983** <br> )   **VERIFIED COMPLAINT AND** <br> )   **JURY DEMAND.** <br> ) - <br> )   **(AMENDED).** <br> ) |

## PLAINTIFF'S  AMENDED 42 U.S.C. SECTION 1983 VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEFS AGAINST DEFENDANTS.

Plaintiff brings this declaratory action against defendants, individually and in

their official capacities, and requests the Court to issue Declaratory Judgment,

Preliminary and Permanent Injunctive Relief, costs, attorney's fee and for Damages

against defendants pursuant to Title 42 U.S. Code Section 1983 for the violations of

plaintiff's Constitutional protections as guaranteed to plaintiff under the United

States Constitution and under the Massachusetts Declaration of Rights. Plaintiff

respectfully states that the defendants have, under the color of law, subjected

plaintiff and/or caused plaintiff to be subjected, to deprivations of rights and

privileges secured by the laws, the U.S. Constitution and/or the Massachusetts

Declaration of Rights, and defendants are liable to plaintiff in this proceeding, as the

1

injured party, at law and in equity, for the appropriate declaratory redress.

## JURISDICTION AND VENUE

1       This action arises under the Fourteenth Amendment to the United States

Constitution, and under federal law, particularly 42 U.S.C., Section 1983; and also,

under Articles 1, 10, 29 and 30 of the Massachusetts Declaration of Rights, under

State law; and also under the First, Fifth, Eight and Ninth Amendments to the U.S.

Constitution.

2.      The Court has jurisdiction over this action under, and by virtue of 28 U.S.C.,
        Sections 1331, 1343(a)(3) 2201 and 2202 and 1367(a) and 42 U.S.C., Section
        1983. Additionally, this Court has jurisdiction by virtue of:

(a).    28 U.S.C. Section 2283, the Federal anti-injunction statute is not applicable to
        the proceeding in this case. Moreover, neither Younger v. Harris, 401 U.S. 37
        (1971) is applicable because the proceeding in the Lynn Juvenile Court is
        defective and inadequate as it deprives plaintiff of due process of law;

(b).    The anti-injunction statute does not bar this District Court from issuing the
        injunction since the plaintiff has brought this suit under the Civil Rights Act,
        42 U.S.C. Section 1983. Gibson v. Berryhill, 411 U.S. 564 (1973);  Mitchum v.
        Foster, 407 U.S. 225 (1972);

(c.).   The Lynn Juvenile Court is biased against plaintiff and cannot provide
        plaintiff with a fair and impartial hearing in conformity with due process of
        law. Gibson v. Berryhill, (supra); and

(d).    There is the presence of acts suggesting bad faith, harassment or irreparable
        injury that is both serious and immediate. Dombrowski v. Pfister, 380 U.S.
        479 (1975).

3.      The court is authorized to grant plaintiff's prayer for relief regarding costs,

including a reasonable attorney's fee, pursuant to 42 U.S.C. Section 1988.

4.      This court is authorized to grant declaratory judgment under the Declaratory

Judgment Act, 28 U.S.C. Section 2201-02, implemented through Rule 57 of the

Federal Rules of Civil Procedure, and to issue the preliminary and permanent

2

injunctive relief requested under Rule 65 of the Federal Rules of Civil Procedure.

5.      Venue is proper in the District of Massachusetts under both 28 U.S.C., Section 1391(b)(1) because all the defendants reside within the district; and 28 U.S.C., Section 1391(b)(2) because a substantial part of the events giving rise to plaintiff's claims occurred in this district.

## PARTIES

6.      Plaintiff is an attorney. He is the father of the children, Chisom Amadi (DOB 11/18/1999); Onyema Amadi (DOB 6/17/2001); Chibuezem Amadi (4/22/2004); and Kelechim Amadi (DOB 7/9/2009), whose custody the DCF wrongfully took from the plaintiff's and fraudulently and in bad faith initiated a "care and protection proceeding" in the Lynn Juvenile Court, docket number 14CP0030LY, with the intention to deceptively use the juvenile court as a mere rubber stamp to thwart the Salem probate and family court custody order in plaintiff's favor; and corruptly transfer plaintiff's children's custody to mother, Ijeoma Amadi; thereby nullifying the July 31, 2013 custody order of the Salem Probate and Family Court that was made in plaintiff's favor. Plaintiff's children were not in need of any care or protection when the DCF inexcusably took them from the safety and comfort of plaintiff's custody on January 27, 2014.

7.      Defendant Garret McManus is a judge of the Essex County Juvenile Court, sitting in Lynn. Judge Garret McManus is presently working in conspiracy with the DCF and the DCF counsel, Anthony Sean Bernard, to unconstitutionally and illegally take the custody of plaintiff's children and give the custody to mother, Ijeoma Amadi. Presently defendant Judge Garrett McManus has no jurisdiction over the

3

matter and he has tyrannically and despotically turned his courtroom into a

Kangaroo Court. Defendant judge McManus has also turned himself into a despot

and tyrant with gavel, and he has continued to harass and threaten plaintiff

whenever plaintiff insisted that his court should obey the laws and/or the

Constitution and respect plaintiff's due process rights. This defendant is sued in his

individual and official capacities.

8.      Defendant Linda S. Spears, DCF Commissioner, is being sued in her individual

capacity, and in her official capacity as the DCF Commissioner. The DCF is being

sued as the employer of defendant Sean Anthony Bernard, the DCF Attorney.

9.      Defendant Anthony Sean Bernard is the DCF attorney in the case at the

juvenile court in Lynn, Massachusetts. He is unconstitutionally and corruptly

working in conspiracy with judge Garrett McManus to use the juvenile court to

illegally and fraudulently nullify the July 31, 2013 Salem Probate and Family Court

Order granting the custody of plaintiff's children to plaintiff. Mr. Sean Bernard had

informed Judge Garrett McManus that DCF had no case against plaintiff, but judge

McManus corruptly caged and suppressed Mr. Bernard's prosecutorial

independence and coerced Mr. Bernard to continue to prosecute the case with

known lies in order to enable judge McManus to achieve his dubious and fixated

objective of thwarting the July 31, 2013 custody order of the Salem Probate and

Family Court and award the custody of plaintiff's children to Ijeoma Amadi, his

favorite. This defendant is being sued in his individual and official capacities.

## GENERAL ALLEGATIONS

10.     Plaintiff re-avers paragraphs 1 through 9 and incorporates them herein as

4

forming part of this Complaint.

11.     On July 31, 2013, the Essex Probate and family court, sitting in Salem,

Massachusetts, gave plaintiff the temporary custody of his children Chisom Amadi;

Onyema Amadi; Chibuezem Amadi and Kelechim Amadi. Plaintiff's wife, Ijeoma

Amadi, thereafter tried with her lawyer, Mr. James Tewhey, but legitimately and

legally failed to convince the court to change its custody order because there was no

basis for any change.

12.     Thereafter, the aforesaid Ijeoma Amadi and James Tewhey approached the

DCF and the DCF agreed to fraudulently assist them in taking plaintiff's children

from plaintiff's lawful custody and giving them to Ijeoma Amadi since it was not

honestly and legitimately possible for them to do so through the probate and family

court. The intention of the DCF was to fraudulently take plaintiff's children from

plaintiff's custody and deceitfully use the authority of the juvenile court as a mere

rubber stamp in changing the July 31, 2013 custody order of the Salem probate and

family court that was made in plaintiff's favor.

13.     On January 27, 2014, the Lynn DCF took plaintiff's children from plaintiff's

lawful custody without any legally or morally sustainable basis whatsoever. This

fact had been affirmed by the 4th defendant, Sean Anthony Bernard, the DCF

attorney, who had informed the 1st defendant, Judge Garrett McManus on June 10,

2015, that DCF had no case against plaintiff. Additionally, defendant judge Garrett

McManus is also fully aware that a DCF social worker, Ms. Sarah Garafaloe, has also

admitted that DCF took plaintiff's children from plaintiff's custody  because plaintiff

is a man.

5

14. Plaintiff avers that in this age and time when several persons are languishing in prisons because of wrongful convictions and when several persons on death rows are being set free because of wrongful convictions, a judge in this Commonwealth (defendant Garrett McManus) is heartlessly and callously coercing a lily livered DCF attorney (Sean Anthony Bernard) into conducting a trial before defendant Garrett McManus' Court with intentional lies and misrepresentations; with evidence known to be deliberate falsehoods; and with known perjurious testimonies, in utter violation of the U.S. Constitution, in violation of the Massachusetts Declaration of Rights, in violation of plaintiff's due process rights, in violation of case law, statutory laws, and in violation of the rights of the plaintiff's children.

15. On the aforesaid January 27, 20114, the DCF took plaintiff's children from the comfort of plaintiff's lawful custody with the veiled and ulterior motive of transferring the custody of the children to plaintiff's wife, Ijeoma Amadi, thereby nullifying the custody order of July 31, 2013 that the Salem probate and family court made in plaintiff's favor.

16. After taking the children from plaintiff on January 27, 2014, the DCF commenced a so-called 72-hour hearing in which DCF and its then attorney (Tracy Koral) deliberately lied, perjured themselves and committed fraud on the court. Thereafter, the juvenile court acted under the burden of the DCF's and attorney Tracy Koral's lies and deceits and granted the temporary custody of plaintiff's children to the DCF. Soon thereafter, the DCF transferred the custody of plaintiff's to plaintiff's wife, Ijeoma Amadi, in fulfillment of DCF's secret and fraudulent agreement with her.

6

17.    However, after taking the children from plaintiff's custody on January 27,

2014, and knowing that it had no legitimate or moral basis to take plaintiff's

children from plaintiff, the DCF, Ijeoma Amadi and her attorney, Nancy Benotti,

conspired and manufactured some heinous allegations against plaintiff. With the

heinous allegations, the DCF and attorney Nancy Benotti sent Ijeoma Amadi to the

Lynn District Court to apply for a restraining order against plaintiff in order to

support their baseless case of taking plaintiff's children from plaintiff's custody.

Defendant McManus is fully aware of these facts but he is not interested in acting

according to the law or according to his oath of office.

18.    Since taking plaintiff's children from his lawful custody, the DCF and

defendant Garrett McManus have wickedly and conspiratorially been preventing

plaintiff from having any meaningful relationship with his children. Since taking

plaintiff's children from his custody, plaintiff has irregularly been allowed to see his

children for only an hour in a week and to have telephone contact for only an hour

in a week, for no just cause whatsoever. Defendant DCF had severally and

inexcusably prevented plaintiff from visiting or contacting his children. Defendant

Garrett McManus has arrogantly, tyrannically and callously refused to hear

plaintiff's meritorious motions for abuse of discretion against the DCF, in clear

violation of plaintiff's right to due process of law.

19.    Furthermore, the fraudulent and unethical conducts of the DCF, the DCF's

attorneys and Ijeoma's appointed counsel, Ms. Nanacy Benotti, have been brought to

the attention of defendant Judge McManus, but he has been incurably biased and he

has not cared to keep the administration of justice in his court pure and unpolluted.

7

Instead, defendant Judge McManus has continued to protect and to vouch for the credibility of those lawyers whose credibility is verifiably in tatters. Judge McManus is openly biased against plaintiff, and he also, has illegally and unconstitutionally been using his familiarity with those attorneys against plaintiff's interest.

20.     Plaintiff has made motions for sanctions against the attorneys. But defendant Judge Garrett McManus had summarily denied plaintiff's meritorious motions without even reading them, because of bias, contrary to art. 29 of the Massachusetts Declaration of Rights. However he has continued to unconstitutionally vouch for the attorneys' credibility. Plaintiff has also served witness subpoenas on the attorneys but defendant McManus, acting biased and in violation of plaintiff's due process rights, has strangely held that the attorneys have unlimited and absolute attorney/client privileges; and that there is nothing like crime/fraud exception to the attorney/client privilege.

21.     Defendant Judge McManus has also severally ruled on plaintiff's motions in his court without even reading the motions and without allowing any argument from plaintiff, contrary to plaintiff's 14th Amendment Due Process rights to fair hearing and contrary to art. 29 of the Massachusetts Declaration of Rights. Plaintiff has also constantly, consistently, repeatedly and respectfully asked defendant Judge McManus to make the necessary factual and legal findings and to state his rationale or reasons for his "denials" of plaintiff's meritorious motions. But defendant McManus has constantly refused to make any rulings of law, findings of facts and/or the rationale for his constant and summary denials of plaintiff's motions because he was acting unconstitutionally and he has been biased and prejudiced against

8

plaintiff and in violation of plaintiff's rights to due process of law.

22.    Plaintiff avers that on June 22, 2015 defendant McManus denied plaintiff's

motion to dismiss the juvenile court case and to terminate the proceedings, claiming

that he had acted on the motion before. But that was a lie. As usual, defendant judge

Garrett McManus did not read that motion before denying it. However, when

plaintiff brought his attention to the fact that the motion had not been presented to

his court before and that the motion was based on the judicial admissions made by

the DCF's counsel before his court on June 10, 2015 that DCF had no case against

plaintiff, defendant McManus shockingly claimed that the said admissions were

never made, and that he did not hear them, if the admissions were ever made at all.

Plaintiff was terrified and surprised at the defendant McManus' representations

because the defendant McManus was inside the courtroom throughout the

proceeding on June 10, 2015 and apparently "listened attentively" to the entire

proceeding. However, when the transcript of the said proceeding was later

produced, it contained the admissions that the defendant judge claimed that he did

not hear or that they were not ever made at all, showing that defendant Garrett

McManus' lack of the constitutional impartiality and neutrality as a judge in the case

before him in the juvenile court and his ability to be fair in the case, contrary to art.

29 of the Massachusetts Declaration of Rights and plaintiff's right to due process of

law under the 14th Amendment to the U.S. Constitution.

23.    Plaintiff avers that it is a thing for serious concern on the fairness of a judge

that is sitting in a case when the judge chooses what to hear and what not to hear,

especially when what the judge chooses **not** to hear are the facts and evidence in

9

plaintiff's favor, while remaining biased and prejudiced against plaintiff. Additionally, it is obvious that defendant Judge Garrett McManus is biased against plaintiff contrary to the 14th Amendment to the United States Constitution and in violation of Articles 1, 10 and 29 of the Massachusetts Declaration of Rights. Plaintiff will not receive a fair hearing in his court, especially when the judge is openly biased and has unconstitutionally and fraudulently chosen to try the case with tainted evidence, with evidence known to be false, with known perjurious testimonies and with evidence known to be lies and deliberate falsehoods, in violation of plaintiff's due process rights and in violation of plaintiff's right to a fair hearing.

24.      Defendant Garrett McManus has consistently and prejudicially continued to vouch for the credibility of the DCF attorneys and for Ijeoma Amadi's counsel, in utter violation of plaintiff's right to a fair hearing. Plaintiff has consistently expressed his concerns about the repeated vouching by defendant judge McManus for the credibility of the Nancy Benotti and the DCF lawyers in the case before him when the facts before his court seriously show that these lawyers have no credibility at all. The confessed familiarity of Judge Garrett McManus with those lawyers and the ever readiness of the defendant Garrett McManus to vouch for their credibility, prejudices plaintiff and places plaintiff's constitutional due process right to fair trial/hearing at a great risk before defendant McManus' court.

25.      On or about May 7, 2014, a DCF supervisor, Sarah Garafaloe, informed plaintiff that the DCF took plaintiff's children from plaintiff's custody on 1/27/14 because plaintiff is a man. This violates plaintiff's right to equal protection under the

14th Amendment to the U.S. Constitution and under Article 1 of the Massachusetts Declaration of Rights.

26.     Also on June 10, 2015, the DCF attorney, defendant Sean Anthony Bernard, affirmed Ms. Garafaloe's 5/7/14 information to plaintiff by unambiguously telling defendant Judge Garrett McManus that the DCF had no case against plaintiff and that the case should be in the probate court because there is a pending child-custody matter presently in the Salem probate and family court in relation to the children and between plaintiff and Ijeoma Amadi. But Judge Garrett McManus is biased against plaintiff and therefore caress less about fairness and justice in his court. Defendant Garrett McManus is not interested in doing any justice in the case before his court. He callously intends to "try" a case where there is no case to be tried because he has a fixated outcome for the case in favor of Ijeoma Amadi. Defendant Garrett McManus is acting to use the manipulation of the law and his office as covers to take away the custody of plaintiff's children from plaintiff through dishonest means, in violation of plaintiff's constitutional rights.

27.     Defendant Sean Anthony Bernard of the DCF came into the case after attorney Tracy Koral of the same DCF disgracefully left the case when her deliberate lies and fraudulent misrepresentations during the 72 hour hearing were brought to light by Sarah Garafaloe's revelation that the DCF took plaintiff's children because plaintiff is a man. Tracy Koral "investigated" Sara Garafaloe's admissions and found them to be truthful. But instead of Ms. Koral to toe the path of honesty, she took the destructive detour to lies and ignominiously left the case when plaintiff made a motion for her to be sanctioned.

28.     On August 4, 2015, plaintiff renewed a motion to dismiss and produced the
transcript of the June 10, 2015 proceeding containing the judicial admissions of the
categorical and unambiguous admissions of the DCF attorney, defendant Sean
Anthony Bernard that DCF had no case against plaintiff. At the hearing on August 4,
2015, defendant Sean Bernard did not deny any of the judicial admissions that he
made before defendant Judge Garrett McManus' court on June 10, 2015; and
defendant Judge McManus could not claim again that he did not hear the admissions
or observe defendant Sean Bernard on August 4, 2015. However, defendant Garrett
McManus was never interested in being fair in the case; he is not interested in doing
justice or acting in compliance with the law or the constitution or his oath of office.
Defendant Garrett McManus is only interested in using known lies and known
perjurious testimonies as a basis for depriving plaintiff of the custody of his
children, in violation of the law, in violation of the constitution and in violation of
plaintiff's due process rights.

29.     On the August 4, 2015 when defendant Garrett McManus saw the transcript
of the June 10, 2015 proceeding and the judicial admissions made by the defendant
Sean Anthony Bernard of the DCF and the insistence of the DCF that it has no case
against plaintiff, defendant Garrett McManus' unhidden bias, unfairness and his
deep rooted sense of injustice against plaintiff still continued to override and
becloud his sense of judgment. Notwithstanding the fact that the June 10, 2015
judicial admissions that the DCF had no case against plaintiff is ever binding on the
DCF, defendant, Judge Garrett McManus, fraudulently forced, coerced and goaded
the defendant Sean Bernard of the DCF into disgracefully "accepting" to try the case

by asking him whether he would be able to prove the evidence and the contents of the affidavits used at the 1/24/14 and the 72-hour hearings if a trial is held in the case. This is to enable defendant Garrett McManus to use the color of his office to manipulate the course of justice and achieve his fixated aim in the case.

30.     However, at the time of asking defendant Sean Anthony Bernard the question, defendant Judge McManus was of the full knowledge that the referenced evidence and 1/24/14 and the 72-hour hearing affidavits were the same evidence and affidavits of lies and deliberate misrepresentations that defendant Sean Bernard of the DCF had reviewed and disavowed by his June 10, 2015 judicial admissions that the DCF had no case against plaintiff. Defendant Garrett McManus was also fully aware of DCF Social worker Sarah Garafaloe's admission that the DCF took plaintiff's children from his custody because plaintiff is a man. Defendant Judge Garrett McManus was also fully aware that the said affidavits were the same documents that the DCF fraudulently used to deceive the juvenile court at the 1/24/14 ex-parte hearing and at the so-called 72-hour hearings, and deceitfully obtained the temporary custody of plaintiff's children. But defendant Garrett McManus only intends to make the fraudulent conduct of the DCF to continue when defendant McManus is fully aware of the fact that the DCF had already admitted, after using those fraudulent affidavits, that it took plaintiff's children from plaintiff's custody because he is a man, and that the DCF had no case against plaintiff. Plaintiff avers that defendant Garrett McManus has no truth in his court which he has turned into a court of injustice, dishonesty and a Kangaroo Court.

31.     Plaintiff avers that the conduct of Judge Garrett McManus in literarily

goading, intimidating and quietly coercing the DCF counsel into "agreeing" to use deliberate false and fraudulent testimonies and known lies and perjurious testimonies for a "trial" in his court says more than meets the eye. It gives the reasonable appearance of who defendant Garrett McManus is. It also evidences that anything can go for the so-called trial in defendant McManus' Court in the case.

32.    The conducts and actions of Judge Garrett McManus in the case would reasonably cause any reasonable man or woman to entertain doubts concerning his impartiality in this case; and as a result, plaintiff had severally requested Judge McManus to recuse himself from the case in his court but he has refused to do so because he is biased and he has a fixation and mindset for a particular outcome in the case that he wants to achieve by dishonest and foul means in violation of the law and in violation of plaintiff's due process rights.

33.    Having coerced and intimidated defendant Sean Anthony Bernard, the DCF attorney, into trying a case in defendant Garrett McManus Court, defendant Garrett McManus perfected his position as a despot and as a tyrant with a gavel. He then became the judge, the accuser and the prosecutor in the case to the obvious violation of the constitutional Separation of Powers provision of Article 30 of the Massachusetts Declaration of Rights and Articles 1, 2, and 3 of the U.S Constitution.

34.    Plaintiff avers that the trial in defendant Garrett McManus Court on the alleged care and protection proceeding concerning plaintiff's children started on September 8, 2015 in defendant Garrett McManus' juvenile court, docket number 14CP0030LY.

35.    By the provisions of the Juvenile Court Standing Order, 1-10(4), the trial

14

should be concluded not later than thirty (30) calendar days after commencement of trial. However, if there is the need for any emergency extension of time, 15 days extension for the maximum, the application must be made by the court at least within ten (10) calendar days prior to the expiration of the 30 days, pursuant to 1-10(6) of the Juvenile Court Standing Order. **Please see Exhibit B, hereto.**

36.     But not being interested in giving obedience to any law, defendant Garrett McManus disregarded the legislative mandate of the Juvenile Court Standing Order 1-10(4)(6). He has arrogantly, intentionally and inordinately continued to delay the conduct or conclusion of the trial and he failed to duly apply for any extension of time. On October 28, 2015, he admitted that he did not make any application for the extension of time. Defendant Garrett McManus boastfully states that the Juvenile Court Standing Order is not a rule of the juvenile court or a law that he should give obedience to or comply with.

37.     Furthermore, plaintiff avers that on November 18, 2015, the same defendant Garrett McManus who claimed on October 28, 2015 that he did not apply for an extension of time to conduct the so-called care and protection proceeding in his court, made a u-turn and deliberately and dishonestly shifted his position. On November 18, 2015, this same judge dishonestly and deceptively lied in his Court and claimed that he duly made the Standing Order 1-10(6) application for the extension of time. **Plaintiff avers that defendant Garrett McManus is a very dishonest judge and that affects that quality of "justice" in his kangaroo court to the prejudice and detriment of the plaintiff and his children.**

38.     The trial before defendant Garrett McManus on the so-called care and

protection proceeding on plaintiff's children started on September 8, 2015 and was supposed to have been concluded within 30 days on about October 8, 2015, or on or about 26, 2015, pursuant to the Juvenile Court Standing Order 1-10(4)(6), if any emergency application was made for the 15 days extension of time. However, the despotic and lawless defendant Judge Garrett McManus failed to apply for any extension of time and lied that he did make the application, thinking that he would confer jurisdiction on himself and on his court by lies and barbaric manipulation. The trial in defendant judge McManus court is still illegally ongoing as of today, June 8, 2016, and it is still continuing. Plaintiff avers that defendant McManus' court has no jurisdiction to continue any trial in the case concerning plaintiff's children. But be arrogantly and tyrannically believes that he may confer jurisdiction on himself by dishonest means so as to achieve his fixated biased intentions in the case.

39.      Presently defendant Garret McManus fully knows and he is very conscious of the fact that he has no jurisdiction to continue with the trial in the case pursuant to the statutory mandates of the Juvenile Court Standing Order 1-10, **Exhibit B**. However, defendant Garrett McManus, with lawless impunity and as a cover-up, deliberately and deceptively claims that the Standing Order 1-10 of the juvenile court is not a rule of the court and it is not a law that he should obey or comply with.

40.      Plaintiff avers that the Juvenile Court Standing Order 1-10 is a rule of the juvenile court. The said Juvenile Court Standing Order is part of the laws that every judge and litigant in the juvenile court must obey and comply with. The Juvenile Court Standing Order 1-10 is a legislative mandate and has the force of law. It must be obeyed by every law abiding litigant and judge. The Juvenile Court Standing

16

Order 1-10 is a Supplementary Rule of the Juvenile Court enacted pursuant to M.G.L. 218, Section 60 and Mass.R.Civ.P. 1 & 83.

41.     Defendant Garrett McManus is personally interested in the outcome of the so-called care and protection proceeding involving plaintiff's children. Defendant Garrett McManus has a perverse and fixated outcome for the case that he crudely wants to achieve through dishonesty and acts of falsehood and deliberate disregard for plaintiff's due process rights, disregard for the laws and disregard for the U.S. Constitution and the Articles of the Massachusetts Declaration of Rights. Defendant Garrett McManus intends to take plaintiff's children from his custody and give the children to mother, Ijeoma Amadi, whom he appears to be interested in the case. Defendant Garrett McManus has continued to harass and intimidate plaintiff each time plaintiff requested him to comply with the laws, to be fair or to respect his oath of office.

42.     Defendant Garrett McManus has ridiculously and pathetically reduced his court to a court of dishonesty and a court where truth has no place. Defendant Garrett McManus has consistently refused to write plaintiff's cross-examination of DCF's witnesses while has always given undue attention to DCF's examinations in chief and has always and consistently written them to show favoritism to Ijeoma Amadi and the DCF. When plaintiff noticed defendant McManus conduct and brought his disgraceful conduct to his attention, he lied that he would listen to all the testimony tape-recordings before he would write his "judgment." Defendant Garrett McManus has consistently discriminated against plaintiff and ignominiously treated plaintiff differently with the ulterior determination of taking the custody of

17

plaintiff's children from him in violation of plaintiff's due process of law; in violation of plaintiff's equal protection under the Massachusetts Declaration of rights and the United States Constitution; and in violation of defendant McManus oath of office as a judge.

43.    Plaintiff avers that on March 9, 2016, defendant Garrett McManus announced in his court that he was handicapped and incapacitated in his right hand and that it would be impossible for him to take down notes on the testimonies in his court in the plaintiff's children's case. However, Mr. McManus had been taking down notes on the testimonies of the DCF's lying witnesses, but when it reached plaintiff's turn to cross-examine those witnesses, defendant judge Garrett McManus claimed that he was incapacitated and that he would not take down notes on plaintiff's cross examination of the witnesses. Defendant McManus also stated that his doctor and his wife had instructed him not to write anything. Since that was very prejudicial to plaintiff's case, plaintiff requested defendant Judge Garrett McManus to postpone the trial until he fully recovered or to excuse himself from the case because his incapacitated condition was very prejudicial to plaintiff's access to justice, very prejudicial to plaintiff's fair hearing in the case and very prejudicial to plaintiff's right to due process of law and the interest of plaintiff's children.

44.    But being extremely callous and biased against plaintiff and acting without human conscience, defendant Garrett McManus refused plaintiff's requests and continued with the trial without writing anything from plaintiff's cross-examination of DCF's vital witness. Defendant Garrett McManus' conduct was very prejudicial to the plaintiff's right to a fair hearing in the case and very detrimental to the interests

of plaintiff's children involved in the case. Defendant Garrett McManus is so dishonest, corrupt and biased against plaintiff that he was ready and crudely willing to do anything possible in his kangaroo court to deprive plaintiff his right to access to justice and his due process rights. Defendant Garrett McManus appears interested in pleasing, mother, Ijeoma Amadi, and he is doing everything possible to pervert justice and award the custody of plaintiff's children to Ijeoma Amadi, thereby thwarting the July 31, 2013 Salem Probate and Family custody Court order that was issued in plaintiff's favor.

45.     Defendant Garratt McManus refused to write plaintiff's cross examination of Ijeoma Amadi because he is interested in pleasing Ijeoma Amadi, and when the cross examination was going the way that was hurting Ijeoma Amadi, defendant Garrett McManus claimed that he was incapacitated in his right hand and that he could not write the cross examinations. However, the so-called incapacitated judge refused to leave the case or continue it when he was requested to do so. Plaintiff avers that the dishonesty and unfairness of defendant Garrett McManus knows no bounds and plaintiff's constitutionally protected fair hearing rights have been incurably violated by defendant Garrett McManus. The violations are continuing.

46.     However, as a way of mocking plaintiff and the administration of justice and exhibit his despotic and tyrannical instincts, defendant Garrett McManus on March 15, 2016 wickedly indicated that he would be "scribbling" the testimonies and plaintiff's cross examination of DCF's vital witness "with his left hand." But defendant Garrett McManus is not left handed to be able to write with his left hand. He was exhibiting his arrogance, wickedness and lack of conscience to plaintiff and

19

the administration of justice.

47.     Among his several other despicable constitutional violations of plaintiff's
rights and access to justice in the case in defendant McManus' Lynn juvenile court,
plaintiff avers that defendant judge Garrett McManus is presently incapacitated and
cannot honestly sit in the case. Defendant McManus also has no jurisdiction to
continue to sit in the case after having arrogantly squandered the time allowed him
by the Juvenile Court Standing Order 1-10; defendant Garrett McManus is an
incurable a liar; he is presently sitting and acting in violation of the Separation of
Powers and fairness provisions of the U.S. Constitution and Articles 29 and 30 of the
Massachusetts Declaration of Rights because having coerced and intimidated the lily
livered attorney Sean Bernard of the DCF to toe his line of conspiratorial
wickedness, **defendant McManus is presently the judge, the accuser and the
prosecutor in the case;** and the DCF counsel has no capability for any independent
reasoning or decision. Additionally, the proceeding in defendant McManus'
kangaroo court discriminates against plaintiff because plaintiff is a man and that
violates plaintiff's access to justice, his right to equal protection of the law and his
right to due process of law.

48.     Plaintiff avers that the declaratory judgment being applied for by the plaintiff
in this case will adequately and finally terminate the legal, statutory and the
constitutional violations that defendants have committed (and are still committing)
against the plaintiff as expressed in this Complaint.

49.     Plaintiff further avers, pleads and claims as follows:

**COUNT I.    THE PRESENT AND CONTINUING LACK OF JURISDICTION OF DEFENDANT MCMANUS' LYNN JUVENILE COURT OVER THE MATTER BEFORE IT.**

50.    Plaintiff hereby re-avers and re-alleges all the factual allegations in paragraphs 1 through 49 of this Complaint and incorporates them herein as part of this count.

51.    The case before defendant McManus' court is a case of care and protection proceeding. The Juvenile Court Standing Order 1-10 mandates that trials in care and protection proceedings must be completed within 30 days from the date of commencement of the trial. However, if there is any emergency need for additional and more time, which shall not be more than fifteen (15) days, the request for such extension of time must be made by the juvenile court within 10 days to the expiration of the statutorily allowed 30 days.

52.    The trial in the case before defendant McManus' court started on September 8, 2015. The so-called trial is still continuing till date, more than 250 days from the trial commencement date of 9/8/15. Had defendant Garrett McManus applied for the 15 days time extension for his so-called trial, the trial would have legally come to an end about October 25, 2015.

53.    The Juvenile Court Standing Order 1-10 is a valid law that must be obeyed and complied with by the juvenile courts in the Commonwealth of Massachusetts. This Juvenile Court Standing Order was made pursuant to MGL 218, Section 60 and Mass.R.Civ.P. 1 and 83. It is also a Rule of the Juvenile Court that must be obeyed by the Juvenile Courts in this Commonwealth of Massachusetts. But defendant judge

21

Garrett McManus does not care because he is blinded by arrogance impunity, bias and tyrannical despotism. He has deliberately and consciously, but regrettably, continued to sit in the case without jurisdiction, in violation of plaintiff's rights.

54.     The Defendant Garrett McManus' Court has failed to comply with the Juvenile Court Standing Order 1-10, which is jurisdictional. As a result of that failure, all the proceedings in the case before defendant McManus' juvenile court is a nullity and the trial is a sham and an abuse of the process of the juvenile court.

55.     Plaintiff avers that defendant Garret McManus cannot confer any jurisdiction upon himself or upon his court when no jurisdiction exists. Plaintiff also avers that all the defendants are fully aware of the fact that defendant McManus Court has no jurisdiction over the matter.

    **Wherefore**, plaintiff demands for judgment against the defendants and (i) a declaration that every and all the proceedings before the juvenile court and/or the ongoing trial before defendant Garrett McManus' court in the care and protection proceeding, docket number 14CP0030LY, is without jurisdiction, a nullity and abusive of the process of the court;  (ii) a declaration that the trial should be discontinued forthwith for lack of jurisdiction on the Court; (iii) a declaration that plaintiff's children should immediately be returned to his lawful custody by the defendants; and (iv) a permanent injunction preventing and forbidding defendants from further interfering with plaintiff's custody of his children, directly or indirectly. Plaintiff further requests for damages against defendants as allowed under M.G.L. c. 12, Section111 and 42 U.S.C. Section 1988 for attorney's fees, expenses and costs of this litigation.

## COUNT II.     VIOLATION OF THE SEPARATION OF POWERS, ARTICLE XXX OF THE MASSACHUSETTS DECLARATION OF RIGHTS AND ARTICLES I; II AND III OF THE U.S. CONSTITUTION.

56.     Plaintiff re-avers and re-alleges all the factual allegations in paragraphs 1 through 55 of this Complaint and incorporates them herein as forming part of this count.

57.     Article XXX of the Massachusetts Declaration of Rights provides that "in the Government of this Commonwealth, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end it may be a government of laws, and not of men."

58.     Article XXX of the Massachusetts Declaration of Rights and the relevant Articles of the United States Constitution provide for the Separation of Powers between the three arms of government, that is, between the executive, the judiciary and the legislature.

59.     Plaintiff avers that on June 10, 2015, defendant Sean Anthony Bernard, the DCF attorney in the purported "care and protection proceeding" in defendant Garrett McManus Court, docket number 14CP0030LY, informed defendant McManus' Court and judicially admitted that the DCF had no case against plaintiff. The DCF attorney further informed defendant McManus' Court that the case should be taken to the probate and family court where the plaintiff has a pending custody Complaint involving his children. However, instead of acting according to law and with conscience, defendant McManus strangely coerced, intimidated and goaded

23

defendant Sean Bernard of the DCF into continuing with the prosecution of the case
with known lies, known perjurious testimonies and with deliberate
misrepresentations.

60.    In the case Docket Number 14CP0030LY, defendant Sean Anthony Bernard of
the DCF represents the executive and he was exercising the executive powers in the
prosecution of the case. Defendant Judge Garrett McManus, the Judge, is
representing the judiciary. However, defendant Garrett McManus in a despotic and
tyrannical usurpation of the executive prosecutorial powers of the DCF,
coerced the DCF attorney into pursuing his despotic bidding of prosecuting a case
with deliberate lies and known perjurious testimonies in utter violation of plaintiff's
right to fair hearing and due process of law. Defendant McManus eventually became
the prosecutor, the accuser and the judge, all fused into one person, in order to
achieve his hidden agenda and ulterior motive of pervasion of justice in the case and
depriving plaintiff of the custody of his children.

61.    Having coerced the DCF attorney, defendant Sean Anthony Bernard, to
prosecute a case when he had judicially admitted that there was no case against
plaintiff, defendant Garrett McManus tyrannically subsumed the functions of the
DCF attorney and made it impossible for the DCF attorney to act independently or
make his own independent decisions in the case as required under Article XXX of
the Massachusetts Declaration of Rights and under the U.S. Constitution.

62.    By so doing, defendant judge Garrett McManus became a tyrant and
fraudulently assumed the functions of the executive and the judiciary in the case.
Defendant Sean Anthony Sean Bernard conspiratorially became a mere zombie and

a puppet in the despotic hands of defendant Garrett McManus, thereby making a complete nonsense of the clear provisions of Separation of Powers doctrine of Article XXX of the Massachusetts Declaration of Rights. Defendant Garrett McManus has no reasonable justification whatsoever for his unbecoming conduct. Plaintiff's rights have continued to be violated thereby.

**Wherefore** plaintiff demands for a declaratory judgment against the defendants that  (a)  the proceeding in docket number 14CP0030LY before defendant judge Garrett McManus is in violation of Article XXX of the Commonwealth of Massachusetts Declaration of Rights and Articles I; II and III of the U.S. Constitution because Judge Garrett McManus illegally usurped the powers of the DCF attorney; (b)  a declaration that the judicial admission made by defendant Sean Bernard that DCF had no case against plaintiff is binding on the DCF and the juvenile court, and upon making that judicial admission, the proceeding in 14CP0030LY ought to have terminated and plaintiff's children returned to the comfort of his custody; and (c.) an injunctive order mandating defendants to immediately return the custody of plaintiff's children to him, and  (d) an injunctive order preventing defendants from any further interference with the custody of plaintiff's children, directly or indirectly. Plaintiff also requests for damages,  costs, attorney's fee and any other reliefs that the court deems appropriate.

**COUNT III.**     **EQUAL PROTECTION AND DUE PROCESS VIOLATIONS OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE XXIX OF THE MASSACHUSETTS DECLARATION OF RIGHTS; AND M.G.L. c. 12, Section 11I.**

63.     Plaintiff re-avers all the factual allegations contained in paragraphs 1

through 62 of this Complaint and incorporates them herein as forming part of this count.

64.    Article 29 of the Massachusetts Declaration of Rights provides in part that "it is the essential to the preservation of the rights of every individual, his life, liberty, property, and character, that there be an impartial interpretation of the laws, and administration of justice. It is the right of every citizen to be tried by judges as free, impartial, and independent as the lot of humanity will admit."

65.    Plaintiff avers that defendant judge Garrett McManus is not a free, impartial and independent judge as the lot of humanity will admit.  Plaintiff avers that by coercing the DCF attorney to try the case with known evidence of lies and with known deliberate misrepresentations and with known perjurious testimonies, defendant judge Garrett McManus disgracefully descended into the arena, lost his judicial independence and engaged in the abuse of the legal process, in violation of plaintiff's right to a fair hearing, plaintiff's right to due process of law and the pollution of the administration of justice.

66.    By not reading plaintiff's motions before denying them; by not allowing plaintiff the opportunity of reasonably arguing his motions before they were summarily and prejudicially denied; and by refusing to give any reason(s) for the denials; defendant judge Garrett McManus openly and disgracefully exhibited bias and abused plaintiff's due process of law and plaintiff's right to a fair hearing in his court. The same applied by his acting without jurisdiction and by his constantly refusing to write plaintiff's cross examination of DCF witnesses; and also, when he claimed that he was incapacitated, he tyrannically refused to excuse himself from

the case or continue the trial in his court.

67.     By constantly harassing plaintiff, intimidating plaintiff and threatening to report plaintiff to the BBO on plaintiff's insistence of being heard in the case that he is defending himself, and on plaintiff's requests that the laws end Constitution be obeyed and respected by defendant McManus' Court, defendant Garrett McManus breached his oath of office and the mandates of Article XXIX of the Massachusetts Declaration of Rights and plaintiff's rights to equal protection and due process of law and the 14th Amendment to the U.S. Constitution.

**Wherefore**, plaintiff demands for entry of declaratory judgment against defendants that (i) defendant Garrett McManus is acting with bias and prejudice against plaintiff and that the trial and the proceedings in defendant Garrett McManus' Court, Docket Number 14CP0030LY, is in violation of the 14th Amendment to the U.S. Constitution, and in violation of Article XXIX of the Massachusetts Declaration of Rights and in violation of Plaintiff's right to fair hearing and due process of law, and therefore void. Plaintiff further demands for a permanent injunction against defendants mandating that the said trial before defendant Garrett McManus should be discontinued forthwith and that the custody of plaintiff's children should immediately be returned to plaintiff. Plaintiff also requests for costs and attorney's fees; and also for damages pursuant to M.G.L. c. 12, Section 11I and pursuant to 42 U.S.C. Section 1988.

**COUNT IV.** **VIOLATION OF ARTICLES I, X OF THE MASSACHUSETTS DECLARATION OF RIGHTS AND THE 14TH AMENDMENT TO THE U.S. CONSTITUTION ON PLAINTIFF'S DUE PROCESS AND EQUAL PROTECTION BASED ON GENDER.**

68.    Plaintiff re-alleges and re-avers the factual allegations in paragraphs 1 through 67 as though fully set forth herein as forming part of this count.

69.    The 14th Amendment to the U.S. Constitution and Articles I and X of the Massachusetts Declaration of Rights provide for equal protection of the citizens under the law. However, plaintiff's right to equal protection has been violated by the DCF in taking custody of his children from him because he is a man and because of plaintiff's gender.

70.    After unconstitutionally taking plaintiff's children from plaintiff based on his gender (male), the DCF illegally obtained the custody of the children through an ex-parte proceeding, and pursuant to their 72-hour hearings thereafter, commenced a so-called "care and protection proceeding" in the Lynn Juvenile Court with the intention of using the authority of the juvenile court as a mere rubber stamp to give the children's custody to Ijeoma Amadi, a female, and fraudulently thwart the July 31, 2013 Salem Probate and Family Court Order granting plaintiff the custody of his children.

71.    During the 72-hour hearing, attorney Tracy Koral, the then DCF counsel in the case at the Lynn Juvenile Court, deliberately, deceptively and fraudulently presented affidavits of falsehood and evidence of lies to the Court. Tracy Koral and the DCF deceptively hid their real intention for taking plaintiff's children from the safety of plaintiff's custody.

28

72.     On or about May 7, 2014, Ms. Sarah Garafaloe, a DCF Supervisor, informed

plaintiff that the DCF took plaintiff's children from his custody because plaintiff is a

man.

73.     Thereafter, plaintiff made a motion for sanctions against attorney Tracy

Koral because of her unethical and fraudulent conducts during the 72-hour hearing.

Tracy Koral did not defend plaintiff's motion because she had no defense at all.

However, Ms. Koral disgracefully left the case knowing that her dubious conducts

and deceptive intentions had been uncovered. However, when Ms. Koral left the

case, attorney Sean Anthony Bernard of the DCF took over the case.

74.     On or about June 10, 2015 and after reviewing the case file, attorney Sean

Anthony Bernard, the new DCF counsel, informed defendant Garrett McManus'

Court that the DCF had no case against the plaintiff. Mr. Sean Bernard informed

defendant Garrett McManus that the case should be taken back to the Salem Probate

and Family Court where a custody complaint in relation to the children is still

pending at this time.

75.     However, acting with bias and with prejudice against plaintiff and with a

hidden agenda, defendant Garrett McManus coerced defendant Sean Anthony

Bernard to continue to prosecute the case in his Court with lies and with deliberate

misrepresentations. Judge Garrett McManus' despotic and corrupt intention is to

transfer the custody of the children to Ijeoma Amadi, using the fraudulent authority

of his office as a judge.

**Wherefore**, plaintiff demands for judgment against the defendants and for a

declaration that (i) the DCF's taking of plaintiff's children from the comfort of his

29

lawful custody on January 27, 2014 because of his gender, was in violation of plaintiff's constitutional right to equal protection and due process of law; (ii) a declaration that every and all the proceedings in the juvenile court concerning plaintiff's children is in violation of plaintiff constitutional right to equal protection under the law and therefore null and void; and (iii) a permanent injunction mandating the defendants to immediately return plaintiff's children to his lawful custody and to stop defendants forthwith from any further interferences with plaintiff and the custody of his children, directly or indirectly. Plaintiff further requests for costs, attorney's fees and for damages pursuant to M.G.L. c. 12, Section 11I; and pursuant to 42 U.S.C. Section 1988.

### COUNT V. M.G.L. c. 12, Section 11I VIOLATIONS AND VIOLATIONS OF ARTICLES 1, 10 AND 12 DUE PROCESS PROVISIONS OF THE MASSACHUSETTS DECLARATION OF RIGHTS AND THE 14th AMENDMENT TO THE U.S. CONSTITUTION.

76.     Plaintiff re-avers and re-alleges all the factual allegations contained in paragraphs 1 through 75 and incorporates them herein as part of this count.

77.     Under Articles 1, 10 and 12 of the Massachusetts Declaration of Rights and the 14th Amendment to the United States Constitution, plaintiff has clearly established constitutionally protected liberty interest in the care, custody and control of his children.

78.     The plaintiff has the temporary legal and physical custody of his children awarded to him by the Salem Probate and Family Court on July 31, 2013. Additionally, there is a presently pending custody Complaint still pending in the Salem Probate and Family Court. Plaintiff's children were not in any need of care

and/or protection when they were illegally and callously taken from the comfort of plaintiff's custody by defendant, DCF.

79.     Defendant DCF violated plaintiff's clearly established Articles 1, 10 and 12 of the Massachusetts Declaration of Rights and the 14th Amendment to the United States Constitution, by unjustifiably removing plaintiff's children from his care, custody and control.

80.     As a result of defendant DCF's actions, plaintiff incurred substantial damages and has suffered mental anguish, emotional distress, embarrassment, and damages to his reputation.

81.     All the actions of defendant DCF were motivated by evil motives and/or involved reckless or callous indifference to plaintiff's aforesaid mentioned constitutional rights.

     **Wherefore**, plaintiff demands for an entry of judgments against defendants and  (i) a declaration that defendant DCF's taking of plaintiff's children from the comfort of his lawful custody is in violation of the law;  (ii) a declaration that the DCF should immediately return plaintiff's children to plaintiff's custody without any further interferences, directly or indirectly;  (iii) a declaration that any care and protection proceeding in relation to plaintiff's children is without basis, and therefore, null and void ab initio; and  (iv) a permanent injunction stopping the proceedings in defendant Garrett McManus Court /juvenile court in relation to plaintiff's children. Plaintiff further requests for an order awarding him costs and attorney's fees; and for other damages as allowed by M.G.L. c. 12, Section 11I and under 42 U.S.C. Section 1988.

**COUNT VI.   VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHT TO SPEEDY HEARING.**

82.     Plaintiff re-alleges all the factual allegations contained in paragraphs 1 through 81 and incorporates them herein as forming part of this Count.

83.     The hearing/trial in the case of the "care and protection proceeding" before defendant Garrett McManus' juvenile court commenced on September 8, 2015. The proceeding is unnecessarily continuing at this time.

84.     The Juvenile Courts' Standing Order 1-10 mandates that trials in care and protections proceedings must be concluded within 30 days of commencement of the trial.

85.     However, the aforesaid Standing Order indicates that where there is need for an emergency extension of time for the trial, which shall not be more than fifteen (15) days, an application must be made not less than ten (10) days before the expiration of the initial 30 days, requesting for a 15 day extension. The maximum extension time allowed by the Juvenile Court Standing Order 1-10 is only for fifteen (15) days.

86.     Defendant Garrett McManus did not make any application for any extension of time. Rather, he lied that he did; and he arrogantly believes that he could confer jurisdiction on himself and tyrannically conduct the kangaroo trial in his court unendingly. Although the law states that the trial should be concluded within 30 days, but not more than 45 days, if an extension of time is needed, defendant Garrett McManus has taken more than two hundred and fifty (250) days conducting a wishy-washy "trial" which is unending and still ongoing as of today, June 8, 2016 .

The trial in defendant McManus' court is still going on and he may need up-to or extra 366 days for the conclusion of his trial and his fixated and biased judgment.

87.     The inexcusable and inordinate delay of the trial by defendant Garrett McManus has deprived plaintiff his constitutionally protected right to speedy trial and speedy access to justice. Plaintiff's right to due process of law is also adversely affected by defendant Garrett McManus despotic conducts of deliberate inordinate delays in the conduct of the so-called trial in his biased court.

**Wherefore**, plaintiff demands for declaratory judgment against the defendants and for a (i) declaration that the care and protection trial and the proceeding before defendant judge Garrett McManus has unconstitutionally deprived plaintiff and his due process right to a speedy hearing and therefore a nullity and void;  (ii) a declaration that defendant Garrett McManus conduct is dictated by evil motive;  (iii) a permanent injunction stopping the trial in defendant McManus' Court and an Order for the immediate release and return of plaintiff's children back to plaintiff's custody; and (iv) damages, costs and attorney's fee.

### PRAYERS FOR RELIEF

**Wherefore**, plaintiff demands for judgment against defendants on all the counts and prays this Court to issue equitable and/or legal reliefs against the defendants and award him judgment as follows:

a.     Issue the injunctive reliefs requested for by plaintiff in counts I through VI of this Complaint.
b.     Issue the declaratory reliefs as requested for by the plaintiff in counts 1 through VI of this Complaint; and also, issue other declaratory reliefs that this court may deem fit, necessary, appropriate and just in this case.

c.   Issue any other relief(s) that this Court deems appropriate and just.
d.   Award plaintiff his costs and attorney's fees involved in this litigation; and
e.   Award any damages pursuant to 42 U.S.C. Section 1988 and M.G.L. c. 12,
     Section 11I; and any other damages and costs that this court may deem fit
     and proper in this case.

**Plaintiff demands for a trial by jury on any jury-triable issue in this Complaint.**

This Amended Complaint is verified and signed under the pains and penalties
of perjury, this 8th day of June, 2016.

**This Amended Complaint by the Plaintiff has been made and filed as of Right
and as a Matter of Course pursuant to Fed.R.Civ.P. 15(a)(1)(A)(B).**

Respectfully by the Plaintiff,

/s/ Benneth O. Amadi
Benneth O. Amadi, Esquire
BBO # 646232
204 Blossom St. Ext. Ste. A
Lynn, MA 01901
781-581-5144
bamadilaw@comcast.net
bamadilaw@gmail.com

June 8, 2016.

**CERTIFICATE OF SERVICE**

I hereby certify that this document, Plaintiff's Amended Complaint, has been
electronically served on all the parties and/or counsel who are identified registered
participants on the Notice of Electronic Filing (NEF), and that paper copies would be
sent by first class mail to any party/counsel identified as a non-registered
participant.

/s/ Benneth O. Amadi
Benneth O. Amadi, Esquire

34

# Exhibit  A

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

ESSEX DIVISION

DOCKET NO. _ES13D1791CS_

_Benneth O. Amadi_ , Plaintiff

vs.

_Ijeoma B Amadi_ , Defendant

## TEMPORARY ORDER

Pending a hearing on the merits, or until further order of the Court, it is Ordered as set forth below:

1. The parties shall comply with the stipulation of the parties dated/filed _____ which is expressly made a part of this order.

(1) Father shall have immediate sole legal and physical custody of minor children Chisom Amadi, d/o/b 11/18/99; Onyema Amadi, d/o/b 6/17/01; Chibueze Amadi, d/o/b 4/22/04 and Kelechim Amadi, d/o/b 7/9/09.

(2) Law enforcement authorities shall assist father in obtaining immediate custody.

(3) Neither party shall remove the minor

Date: _7/31/13_

_(Hon. Susan D. Ricci_

Justice- Probate and Family Court

page 1 of 2

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

ESSEX DIVISION

DOCKET NO. _ESI3 DI791 CS_

_Benneth O Amadi_ , Plaintiff

vs.

_Ijeoma B Anadi_ , Defendant

## TEMPORARY ORDER

Pending a hearing on the merits, or until further order of the Court, it is Ordered as set forth

below:

1. The parties shall comply with the stipulation of the parties dated/filed _____

which is expressly made a part of this order.

_& children from Massachusetts ._

(4) _Mother shall have no contact with the children until further order of the court_

(5) _Status hearing is scheduled for August 14 2013._

Date: _7/31/13_

_Susan D Ricci_
Hon. Susan D. Ricci

Justice- Probate and Family Court

_page 2 of 2_

# Exhibit B



The Official Website of the Massachusetts Judicial Branch

## Massachusetts Court System

🏠 Massachusetts Court System  >  Case & Legal Resources  >  Rules & Orders  >  Juvenile Court  >  Juvenile Court Standing Order 1-10

# Juvenile Court Standing Order 1-10: Scheduling Care and Protection and Termination of Parental Rights Trials

**1. Purpose.** The purpose of this Standing Order is to establish procedures and standards and promote uniformity to ensure that care and protection and termination of parental rights trials are completed within a reasonable time after commencement of trial.

**2. Applicability.** This Standing Order is applicable to all Divisions of the Juvenile Court and to all care and protection and termination of parental rights trials.

**3. Definitions.** *Commencement of Trial* - the date when testimonial evidence is presented by witnesses called to testify before the court; the date that a document is submitted to the court, accepted and admitted into evidence as an exhibit. Close of Evidence - the date when all parties have completed the submission of all evidence.

**4. Length of Trial.** All care and protection and termination of parental rights trials will conclude no later than thirty (30) calendar days after commencement of trial. Trial dates should be scheduled for consecutive days, whenever possible. Potential exhibits should be "marked for identification" prior to the commencement of trial whenever possible.

**5. Cases Under Advisement.** An adjudication that a child is, or is not, in need of care and protection, or an order terminating, or a decision not to terminate, parental rights shall be made no later than thirty (30) days after the close of evidence.

**6. Emergency Extension for Trial or Cases Under Advisement.** In extraordinary circumstances, the justice presiding over the trial may request approval from the Chief Justice to extend the time for trial, or extend the time for adjudication, order or decision, for an additional fifteen (15) calendar days. Such request should be submitted in writing, should identify the extraordinary circumstances that necessitated the request and should· be submitted no later than ten (10) calendar days prior to the expiration of the thirty (30) day period, except when the request for additional time is due to unforseen circumstances which occur subsequent to the ten (10) calendar day period.

**8. Dedicated Trial Sessions.** Dedicated trial sessions for care and protection and termination of parental rights cases are encouraged where there are available judicial resources, sufficient attorneys to represent the parties and where multiple demands upon court time do not make such sessions impractical and inefficient.

**9. Effective Date.** This Standing Order and the procedures and standards contained herein shall apply to all care and protection and termination of parental rights trials commenced on or after September 1, 2010.

*Adopted July 13, 2010, effective: September 1, 2010.*

Previous Order | Next Order

**Related Links**

Juvenile Court Department

Juvenile Court Rules and Standing Orders



**Available as an eBook**

**Rules Amendments**

BBE Rule III
Amended April 25, 2014,
effective July 1, 2016.

---

**Did you find the information you were looking for on this page?** *

○ Yes

○ No

[ Send Feedback ]

---

© 2016 Commonwealth of Massachusetts.

Mass.Gov® is a registered service mark of the Commonwealth of Massachusetts.

Contact Us   About Massachusetts Courts   Site Policies