**United States District Court**
**District of Massachusetts**

_____

BENNETH O. AMADI,                )
                                 )
          Plaintiff,             )
                                 )
     v.                          )      Civil Action No.
                                 )      16-11901-NMG
DEPARTMENT OF CHILDREN AND       )
FAMILIES, ET AL.,                )
                                 )
          Defendants.            )
_____  )

<u>MEMORANDUM & ORDER</u>

GORTON, J.

This case arises from a child custody dispute.  Plaintiff Benneth Amadi ("Amadi" or "plaintiff") alleges that defendants, employees of the Massachusetts Department of Children and Families ("DCF") and the Massachusetts Juvenile Court ("the Juvenile Court"), are, <u>inter alia</u>, conspiring to violate his constitutional rights, preventing him from seeing his children and obstructing his access to court.

Plaintiff's motions for injunctive relief, an order to show cause and to strike are currently before the Court.  For the reasons that follow, those motions will be denied.  Defendants' motion to dismiss the case is also before the Court but before deciding it, the Court will accept briefing as to whether the case should be stayed pending a decision of the First Circuit Court of Appeals ("First Circuit") in plaintiff's prior action.

## I.  **Factual Background**

Pro se plaintiff Amadi is a licensed attorney in
Massachusetts.  Defendants are the DCF, DCF Commissioner Linda
Spears, DCF Attorney Sean Bernard ("Attorney Bernard"), DCF
Manager Roger Randall, DCF Social Workers Sean Ferrick and
Ronald Strand and a Massachusetts Juvenile Court Judge, Garrett
McManus ("Judge McManus").  This case is related to a lengthy
dispute over the custody of plaintiff's four minor children.  In
July, 2013, the Massachusetts Probate and Family Court, which
has jurisdiction over divorces and child custody, granted
plaintiff temporary custody of his children.

In January, 2014, DCF filed a care and protection case
concerning the children in Juvenile Court.  Contemporaneously,
the children were removed from plaintiff's custody and
temporarily placed in foster care.  According to defendants, the
removal occurred after two reports from mandated reporters
alleged that plaintiff was neglecting or abusing the children
and his refusal to cooperate with the investigation of the
reports.  Plaintiff contends that DCF "fraudulently and
illegally" removed the children because its employees had "the
dubious intention of transferring the custody to [the mother]".

In defendants' recounting of the facts, after the children
were placed in foster care, the DCF developed "service plans"
for the parents to complete in order to regain custody.

Defendants assert that the mother completed her plan and cooperated with DCF whereas plaintiff did neither.  In May, 2014, DCF returned physical custody of the children to their mother because of her cooperation but it retained legal custody.

Plaintiff contends that the mother regained custody as a result of gender discrimination and a conspiracy between Judge McManus and DCF.  In support of those allegations, plaintiff claims that in May, 2014, Sara Garofalo, a DCF supervisor, told him that he lost custody because he is a man.  Plaintiff also contends that at the June, 2015 Juvenile Court proceeding, Attorney Bernard admitted in open court that DCF had no case against him and that the dispute is between the parents and belongs in Probate Court.

Defendants strenuously deny plaintiff's version of the facts.  Ms. Garofalo has submitted an affidavit stating that she "told Mr. Amadi exactly the opposite of what he alleges [she] said".  She states that she

> [s]pecifically told Mr. Amadi that [DCF] does not take custody of children because of the gender of the parent[.]

Attorney Bernard submitted an affidavit stating that plaintiff "misconstrues" his statements in the Juvenile Court.  He explains that when he said "this is really the mother's case against the father" he meant that DCF had determined that the

mother was a fit parent and would therefore support her in a custody dispute.

The care and protection case in Juvenile Court is ongoing and Judge McManus apparently plans to set a trial date after this Court decides plaintiff's motions for injunctive relief.

## II.  Procedural Background

Plaintiff has filed two lawsuits in this Court concerning the ongoing custody proceedings.  He filed the first complaint in May, 2016.  This Court dismissed that case based on the Younger doctrine in July, 2016. Amadi v. McManus, et al., No. 16-cv-10861-NMG, 2016 WL 3814597, at *5 (D. Mass. July 11, 2016), appeal docketed, No. 16-1960 (1st Cir. Jul. 27, 2016) [hereinafter "the prior action"].  Plaintiff's appeal of that decision is now pending before the First Circuit. Id.

In September, 2016, plaintiff filed his complaint in this case and moved for a preliminary injunction. Amadi v. Dep't Child. & Fam., et al., 16-cv-11901-NMG (D. Mass. filed Sept. 19, 2016).  Shortly thereafter, he moved for injunctive relief ex parte and defendants filed a motion to dismiss and their opposition to injunctive relief.  Plaintiff then filed an amended complaint under Fed. R. Civ. P. 15(a)(1) and defendants again moved to dismiss.

In November, 2016, plaintiff filed a motion for an order to show cause why Attorney Bernard should not be held in

-4-

contempt and a motion to strike defendants' affidavits.  The motions for injunctive relief, to show cause, to strike and to dismiss are the subject of this memorandum and order.

## III.   __Motion to Strike__

Plaintiff moves to strike the affidavits that Attorney Bernard and Ms. Garofalo submitted to oppose his request for a preliminary injunction.  According to plaintiff, the affidavits do not comply with Fed. R. Civ. P. 56(c)(4), are inadmissible hearsay, conclusory, speculative and contain falsehoods. Defendants respond that plaintiff's contentions are erroneous.

Under Fed. R. Civ. P. 56, an affidavit must be competently made, based on personal knowledge and include admissible evidence. Fed. R. Civ. P. 56(c)(4).  In the preliminary injunction context, however, a court has "broad discretion" with respect to the evidence that it may consider. Rice v. Wells Fargo Bank, N.A., 2 F. Supp. 3d 25, 31 (D. Mass. 2014).  It may rely on otherwise inadmissible evidence, including hearsay. Asseo v. Pan American Grain Co., Inc., 805 F.2d 23, 26 (1st Cir. 1986).  The crucial question is whether, based on the totality of the circumstances, the "evidence [is] appropriate given the character and objectives of the injunctive proceeding." Id.

The Court will not strike the affidavits.  They are based on personal knowledge from individuals directly involved in the events at issue.  Moreover, this Court considers the evidence

-5-

"appropriate given the character and objectives" of injunctive relief. Id.  Consequently, the motion to strike will be denied.

## IV.   Motion for Order to Show Cause

Plaintiff moves for the Court to order Attorney Bernard to show cause why he should not be held in contempt for purportedly swearing to a false affidavit.  The crux of plaintiff's contention seems to be that, because Attorney Bernard submitted an affidavit clarifying the meaning of his statements in Juvenile Court, he lied under oath.  After examining the statements side by side, this Court finds no indication that Attorney Bernard did any such thing.  Therefore, it declines to exercise its "wide latitude" to sanction him, AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 420, 426 (1st Cir.), cert. denied, 136 S. Ct. 535 (2015).

## V.   Motions for Injunctive Relief

### A. Legal Standard

To obtain a preliminary injunction, the moving party must establish 1) a reasonable likelihood of success on the merits, 2) the potential for irreparable harm if the injunction is withheld, 3) a favorable balance of hardships and 4) the effect on the public interest. Jean v. Mass. State Police, 492 F.3d 24, 26-27 (1st Cir. 2007).  The same four factors are considered for ex parte injunctive relief. See, e.g., Largess v. Supreme Judicial Ct., 317 F. Supp. 2d 77, 81 (D. Mass. 2004).  Out of

-6-

these factors, the likelihood of success on the merits "normally weighs heaviest in the decisional scales." Coquico, Inc. v. Rodriguez-Miranda, 562 F.3d 62, 66 (1st Cir. 2009).

The Court may accept as true "well-pleaded allegations [in the complaint] and uncontroverted affidavits." Rohm & Haas Elec. Materials, LLC v. Elec. Circuits, 759 F. Supp. 2d 110, 114, n.2 (D. Mass. 2010) (quoting Elrod v. Burns, 427 U.S. 347, 350, n.1 (1976)). Ultimately, preliminary injunctive relief is "an extraordinary and drastic remedy that is never awarded as of right." Peoples Fed. Sav. Bank v. People's United Bank, 672 F.3d 1, 8-9 (1st Cir. 2012) (quoting Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011)).

### B. Application

Plaintiff submitted two similar motions for injunctive relief.  Both motions state that

> since May 2016 defendants have vindictively been harassing, intimidating and retaliating against [plaintiff] by preventing him from visiting with his children or seeing his children because he petitioned to the Federal District Court . . . .

In both motions, plaintiff specifically asks the Court to enjoin defendants from "any further unlawful interferences with plaintiff's relationship with his children . . . ."

### 1. Likelihood of Success

Plaintiff contends that he is likely to succeed on the merits because defendants have violated his constitutional

rights, harassed him and retaliated against him.  Defendants respond that plaintiff is unlikely to succeed on the merits on grounds of: 1) claim preclusion, 2) Younger abstention, 3) the domestic relations exception, 4) immunity and because plaintiff has stated no plausible or actionable claims.

At first glance, plaintiff's claims based on events that occurred before July, 2016 appear to be barred by the doctrine of res judicata because this Court already dismissed those claims in the prior action.  Res judicata is inapplicable here, however, because this Court applied Younger abstention rather than resolving the claims on the merits.  See Eldakroury v. Attorney Gen. of New Jersey, 601 F. App'x 156, 158 (3d Cir. 2015) ("[W]here Younger abstention is appropriate, federal courts 'have no occasion to address the merits' . . . ."); Foster v. City of El Paso, 308 F. App'x 811, 812 (5th Cir. 2009) ("The district court's express purpose in applying Younger abstention was to avoid reaching the merits, which would likely interfere with pending state judicial proceedings.").  Although plaintiff's claims are not precluded, this Court again determines that the Younger doctrine applies.

As fully described in Younger v. Harris, 401 U.S. 37 (1971), the Younger doctrine "counsels federal-court abstention when there is a pending state proceeding." Moore v. Sims, 442 U.S. 415, 423 (1979).  The doctrine derives from "principles of

-8-

equity, comity, and federalism." Steffel v. Thompson, 415 U.S. 452, 460 (1974). It recognizes that state and federal courts bear an equal responsibility "to guard, enforce, and protect every right granted or secured by the constitution of the United States." Id. at 460-61 (quoting Robb v. Connolly, 111 U.S. 624, 637 (1884)).

The First Circuit has identified a three-step analysis to determine whether Younger applies. Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192-93 (1st Cir. 2015). First, the state proceeding must be a criminal prosecution, civil enforcement proceeding or a civil proceeding "uniquely in the furtherance of the state courts' ability to perform their judicial functions." New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 368 (1989)[hereinafter "NOPSI"]; see also Sprint, 134 S. Ct. at 593-94. Second, the case must meet the three Middlesex factors: 1) the state proceeding is ongoing, 2) it involves significant state interests and 3) it permits the plaintiff to raise his federal claims. Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 638 (1st Cir. 1996). Finally, courts consider whether exceptions to Younger apply. Sirva, 794 F.3d at 193. For instance, if the state proceeding is brought "in bad faith" to harass, Dombrowski v. Pfister, 380 U.S. 479, 490 (1965), or there is "concrete evidence" of bias, Brooks, 80 F.3d at 640, abstention is not warranted.

If a case meets all three prongs of the Younger analysis, federal courts must abstain from exercising jurisdiction even if the plaintiff asserts that important federal rights are at issue. See In re Justices of Superior Court Dep't of Mass. Trial Court, 218 F.3d 11, 17 (1st Cir. 2000) (collecting cases).

As this Court has previously concluded, it is appropriate to abstain from adjudicating plaintiff's claims that this Court dismissed in July, 2016 under the Younger doctrine. Amadi, 2016 WL 3814597, at *5. As for the claims raised for the first time in this action, i.e. that after the dismissal of his prior action defendants retaliated against him and harassed him by preventing him from seeing his children, plaintiff remains unlikely to succeed on those claims by virtue of the Younger doctrine.

Under the first step of the Younger analysis, state child custody proceedings involve a "traditional area of state concern" and warrant abstention. Moore, 442 U.S. at 434-35 (determining that Younger abstention is appropriate when there is an ongoing child welfare proceeding); see also Brooks, 80 F.3d at 638-39 (applying Younger abstention when a plaintiff requested that a federal court enjoin, inter alia, a state paternity proceeding). Plaintiff's disagreement with this Court's conclusion that he is asking the Court to interfere with the child custody proceeding rings hollow in light of his

-10-

request that the Court enjoin defendants "from any unlawful interferences with plaintiff's relationship with his children".

Plaintiff also contends that Younger is inapplicable because the DCF is an executive agency rather than a judicial body. See NOPSI, 491 U.S. at 368.  Custody and visitation determinations are, however, part of the ongoing care and protection case in Juvenile Court. See Care & Prot. of Isaac, 646 N.E.2d 1034, 1039 (Mass. 1995)(concluding that Juvenile Court Judges should review challenges to DCF custodial decisions "for legal error or abuse of discretion").  Accordingly, the requested injunction involves a civil judicial proceeding uniquely suitable for state court resolution and the first prong of the Younger analysis is met. See NOPSI, 491 U.S. at 368.

With respect to the second step, this case meets the three Middlesex factors.  First, the state proceeding is ongoing. Second, although plaintiff makes conclusory accusations about the unfairness of that proceeding, he has provided no evidence that overcomes the strong presumption that his federal claims can be addressed in the state proceeding. Casa Marie, Inc. v. Superior Court of Puerto Rico for Dist. of Arecibo, 988 F.2d 252, 262-63 (1st Cir. 1993).  Third, "[f]amily relations are a traditional area of state concern" and there is a "compelling state interest" in protecting victims of child abuse. Moore, 442

U.S. at 435 (internal quotations omitted).  Therefore, the
Middlesex factors are satisfied here.

Finally, under the third step of the analysis, no
exceptions to Younger apply.  Plaintiff contends that there is
evidence of bad faith and harassment and consequently this court
may hear his claims under Dombrowski, 380 U.S. at 490.  The
supposed harassment, however, is the cessation of his visits
with his children.  Defendants have explained that the visits
were suspended because of erratic and irrational behavior of the
plaintiff and that he has not requested that they resume.

Plaintiff also alleges that Judge McManus is biased but a
claim of judicial bias requires "more than the frenzied
brandishing of a cardboard sword." Brooks, 80 F.3d at 639.
Plaintiff has provided no plausible evidence to support his
claim and this Court therefore adheres to the

> historic presumption that judges are men [and women] of
> conscience and intellectual discipline, capable of judging
> a particular controversy fairly . . . .

Id. at 640 (quoting Withrow v. Larkin, 421 U.S. 35, 55 (1975)
(internal quotations omitted).

In sum, the Younger doctrine applies to both plaintiff's
previous claims and his new claims.  When abstention is
warranted under Younger, "there is no real possibility—let alone
a likelihood—that the plaintiff will succeed in his action."
Brooks, 80 F.3d at 637.  Therefore, there is no need to address

the other grounds defendants offer in support of their
contention that plaintiff is unlikely to succeed on the merits.

### 2. Other Factors

As for the other factors, plaintiff is, no doubt, harmed by
not seeing his children.  Nevertheless, the balance of hardships
weighs against a preliminary injunction because Massachusetts
has a compelling interest in ensuring that its court system is
able quickly to remove children after allegations of abuse and
an investigation. See Moore, 442 U.S. at 435.  There is also a
strong public interest in respecting the integrity of the courts
of the Commonwealth.  Thus, because plaintiff is unlikely to
succeed on the merits, the balance of interests weighs against
an injunction and there is a substantial public interest in
comity, a preliminary injunction is unwarranted.

## VIII. Motions to Dismiss

Defendants' first motion to dismiss will be denied as moot
because of the amended complaint.  With respect to the second
motion, the parties are instructed to submit memoranda as to
whether the Court should stay the case and reserve its decision
on that motion until after the First Circuit has ruled on
plaintiff's appeal.

## ORDER

In accordance with the foregoing, plaintiff's motions for injunctive relief, for injunctive relief <u>ex</u> <u>parte</u>, for an order to show cause and to strike (Docket Nos. 2, 9, 18 and 20) are **DENIED** and defendants' motion to dismiss (Docket No. 11) is **DENIED as moot.**  Defendants are directed to submit a memorandum on or before April 18, 2017 as to whether the case should be stayed pending the resolution of plaintiff's appeal in First Circuit Court of Appeals, Case No. 16-1960, and plaintiff shall respond on or before May 9, 2017.


**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated March 28, 2017